ROSEVILLE ALTA MIN. CO. ET AL. V. IOWA GULCH MIN. CO.

1. AN ENGINE AND BOILER ATTACHED TO A MINING CLAIM IS A PART
   OF THE REALTY.— The interest possessed by the locator of a mining
   claim on the public lands of the United States is an interest in realty,
   and as such subject to conveyance by deed.  The erection thereon,
   by the locator, of an engine-house, and the placing therein of a fif-
   teen horse-power engine with boiler and attachments, for the opera-
   tion of the claim, all securely attached thereto in the usual manner,
   constitutes such machinery a part of the realty; and while thus sit-
   uated it is not liable to levy and sale on execution as personal prop-
   erty.
2. RULE FOR DETERMINING WHEN CHATTELS PERSONAL BECOME CHAT-
   TELS REAL.— In determining whether the character of articles of
   machinery become changed from personal to real estate by their at-
   tachment to land, the intention and purpose of the owner in making
   the attachment is to be considered; and if it appears from the nature
   of the articles so affixed — the purpose in view, and the manner of
   affixing them to the realty — that the attachment was designed to
   be permanent, they are thereafter to be treated as a part of the
   realty.

*Appeal from District Court of Lake County.*

Messrs. J. W. EASTON and H. P. KRELL, for appellant.

Mr. J. A. EWING, for appellee.

RICHMOND, C.   This was an action of replevin brought to
recover the possession and damages for the detention of
one fifteen horse-power engine and boiler, including smoke-
stack, rope and hoists; also one pair bellows, one truck and
three buckets.   The defense was that the articles above
enumerated were personal property, subject to execution,
and were levied upon by virtue of an execution issued in a
certain cause wherein the plaintiff herein, the Iowa Gulch
Mining Company, was defendant, and one William H. Eaker
and N. N. Robertson were plaintiffs.   The validity of the
judgment and subsequent proceedings are not questioned.
The only point in issue in this court is whether the engine
and boiler mentioned were fixtures and a part of the realty,
and therefore not liable to seizure and sale under an execu-

tion as personalty. The cause was tried by the court, and it was found that the engine and boiler were so attached to the land as to become chattels real, and not subject to levy under the execution as personal property; that appellee was entitled to their possession; that they were of the value of $1,000; and that plaintiff had sustained damage by the loss of their use in the sum of $475. Upon these findings judgment was rendered in the usual form.

The facts as they appear are that the appellee, the Iowa Gulch Mining Company, was in the occupation of a certain mining claim, known as the "Scooper Lode," in the California mining district, Lake county, Colorado. All of the articles levied upon were used by the company in and about the development and mining of the said claim. On the claim was constructed an engine-house, shaft-house or shed. Within the engine-house was erected the engine, placed upon three sets of timbers laid crosswise and lengthwise, sunk in the ground, and earth tamped around them, and on these was placed a frame that the engine stood on, which was bolted down to the timbers. The boiler was set about three feet from the engine, on rock-work, and connected with the engine by the ordinary connections. The claim was upon public land. The question presented by this state of facts is whether the engine and boiler were fixtures. It is contended by appellants that there can be no such thing as a fixture upon public land. We cannot agree with this position. Section 225, page 177, General Statutes, provides that "the terms 'land' and 'real estate,' as used in this chapter, shall be construed as co-extensive in meaning with the terms 'lands,' 'tenements,' and 'hereditaments,' and as embracing all mining claims, and other claims and chattels real." "Occupancy of public land possesses the legal character of real estate." This is the conclusion of this court in *Gillett v. Gaffney*, 3 Colo. 351. A title by occupation is, under our statute, an interest in real estate, and such an interest as is the subject of conveyance by deed. *Sears v. Taylor*, 4 Colo. 38. This doctrine is maintained in

California. *Merritt v. Judd*, 14 Cal. 60; *McKiernan v. Hesse*, 51 Cal. 595. Our courts having recognized the interest acquired by occupancy of public land as a legal estate, it necessarily follows that the title to or interest in the land, however defined, carries with it the title to the structure annexed to the soil. Was the property here sought to be recovered a part of the realty? In *Merritt v. Judd*, 14 Cal. 60, it was held that "an engine and pump became a part of the realty although located upon public land." The engine and pump referred to were attached to two timbers ten or twelve feet long, and from twenty to thirty inches in diameter; were placed side by side upon the ground. They were only bedded in the ground sufficiently to make them level. On these bed timbers was placed a frame of four timbers, each about eight inches in diameter, the side timbers about seven feet long and the end ones about three feet. These frame timbers were bolted or spiked together, and bolted or spiked to the bed logs. The boiler and the engine were spiked or bolted to this frame. The boiler, engine and pump were attached together by the usual connections, the pump itself extending into the shaft. Over the whole was a roof or shed, which was constructed merely for the protection or shelter of the machinery. The machinery was not attached to the building in any way except that the pump was stayed by rods reaching to the rafters of the roof. We give the full statement of facts in that case, because they seem to be analogous to the facts as they appear in the case at bar.

The court in its opinion, after carefully reviewing a number of authorities, concluded as follows: "We think that the principle to be extracted from the modern cases covers the case at bar; that this apparatus was necessary to the working of the ledge; that it was attached for that purpose permanently to the soil, and its use accessory, if not essential, to the inheritance for its only valuable purpose — the extraction of the gold." Such seems to be the situation of the property here in controversy. It must be admitted

that in order to enjoy the benefits of the mining claim, to develop the mine and bring to the surface the ore, the engine and boiler here sought to be recovered were absolutely essential.    Many cases can be found in the books in which a similar connection with realty made by the owner thereof has been considered a sufficient annexation.  *Oves v. Ogelsby*, 7 Watts, 106; *Merritt v. Judd, supra*, and cases cited; *Noble v. Bosworth*, 19 Pick. 314.  The intention of the owner in attaching the machinery must be considered, and if it appears that he attached the property with a view that it should remain there permanently, it must be treated as real estate.    This intention is to be inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the structure and mode of annexing, and the purpose for which the annexation has been made.  1 Freem. Ex'ns, § 114; *Palmer v. Forbes*, 23 Ill. 301; *Hunt v. Bullock*, id. 320; *Titus v. Mabee*, 25 Ill. 257.   The conclusions reached by the court below are clearly sustained by the law and the evidence.   The judgment should be affirmed.

Per Curiam.   For the reasons stated in the foregoing opinion the judgment is affirmed.