[No. 6997.]

SMITH ET AL. V. VINLAND.

1. PRACTICE IN SUPREME COURT—*Harmless Error*—There being no evidence to support the defendant's counter-claim remarks of the presiding judge relating thereto, during the trial, will be regarded as harmless, even if improper.

·2. ——*Transcript*—Error assigned upon the refusal of an instruction can not be considered unless both the instructions given, and that refused are presented in the transcript.

*Error to Denver County Court.*—Hon. JOHN R. DIXON, Judge.

Mr. BAPTISTE D. ZIMMERMANN, for plaintiffs in error.

Mr. WILLIAM J. MILES, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The action was commenced in a justice's court by plaintiff, a physician, against defendants, husband and wife, to recover $50 for professional services rendered the wife at childbirth. A counter-claim was interposed for alleged negligence on the part of the doctor in his services, on account of which' it is claimed that Mrs. Smith suffered in health to her damage in the sum of $200. A judgment of dismissal was entered in the justice court, with costs against plaintiff. On appeal to the county court trial was to a jury, a verdict was returned for plaintiff, upon which he had judgment, and defendants bring that judgment here for review on error.

Two grounds are urged for reversal: First. That during the progress of the trial, and in the presence of the jury, remarks prejudicial to the defendants, having reference to their counter-claim for damages, were made by the court; and Second. The refusal of the court to examine, consider or give to the jury a certain written instruction tendered by the defendants, which, as is claimed, correctly stated the law of the case and should have gone to the jury for its guidance.

We have fully examined the evidence preserved in the record, and are satisfied that it contains nothing to warrant or support a verdict for damages in favor of defendants, in any amount, on their counter-claim. This being true, it conclusively follows that whatever the court may have said respecting their right to recover on such counter-claim, and it is only in reference to that matter that improper comment by the court is claimed to have been made, in no way did or could have prejudiced them. If any error at all has been committed in this respect, it is clearly error without prejudice under the facts of this case. Upon the evidence adduced the court might properly have directed a verdict against defendants on their counter-claim.

The record shows that counsel for defendants tendered to the court an instruction, which it declined to give, or consider or inspect, remarking, in substance, that the jury had been sufficiently instructed as to the law of the case. The instructions which the court gave are not brought up in the record; nor is the instruction which the court refused to give on request preserved therein. Under such conditions it is plain that this court can give no relief, since neither the character or import of the instructions given nor of the instructions asked can be ascertained. The latter may have correctly stated the law of the case, and may have been applicable; but if so, there is nothing to show that the same rule or rules of law therein contained were not laid down in the instructions given, and if they were, then the court was right in refusing to futher instruct the jury. But we do not know, nor can we determine, whether the instruction asked correctly stated the law, or was applicable to the case, since it is not preserved in the record. Plainly, upon the matters before us, the judgment must be affirmed.             *Judgment affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE WHITE concur.