[No. 8265.]

## COLORADO GOLD DREDGING COMPANY v. STEARNS-ROGER MANUFACTURING COMPANY ET AL.

1. APPEAL AND ERROR—*Abstract.* A ruling to which, so far as the abstract shows, no objection was made, will not be reviewed. (414.)

2.  —— *Questions Not Presented Below,* are not considered. (417.)

3.  MECHANICS LIEN—*To What Lands the Lien Extends.* A placer containing gold-bearing sand or gravel, is "a deposit yielding metals and minerals" within the meaning of Rev. Stat. sec. 4028. (414.)

4.  —— *Dredge an Improvement.* A dredge for the operation of a placer is an improvement of the land within the meaning of the statute. Those who furnish material, machinery or appliances, for the construction thereof, or perform labor therein, are entitled to the lien conferred by the statute. (415.)

   The placer forming a single undivided property intended to be worked by the dredge, the lien extends to it as a whole. (417.)

5.  —— *Improvement by Holder of an Option,* in which there is a condition requiring the construction of a particular improvement, gives a lien extending to the land, as well as the improvement. *Shapleigh v. Hull,* 21 Colo. 419, followed. (416.)

6.  —— *Purchaser With Notice Affected.* One who purchases land after a mechanic's lien has attached thereto, having knowledge of the facts, is affected by the lien. (416.)

*Error to Costilla District Court.*   Hon. C. C. HOLBROOK, Judge.

JOHN T. BOTTOM, GEORGE M. IRWIN, A. H. WALLER, MILNOR E. GLEAVES, for plaintiffs in error.

W. L. HARTMAN, C. A. BALLREICH, THOMAS, BRYANT, NYE & MALBURN, EDWIN H. PARK, for defendants in error.

Opinion by Mr. JUSTICE TELLER.

The plaintiffs in error seek to reverse a judgment whereby the defendants in error were given liens upon a dredge-boat and certain placer grounds on which a dredge had been constructed for the extraction of gold from the placer. The Dredging Company, holding an option to purchase the placer, constructed the dredge on the ground. Two of the lien claimants furnished machinery or materials for the dredge, and the third claims a lien for various articles furnished during the operation of the dredge, and for his services at that time.

Numerous errors are assigned, most of which cannot

be considered because the abstract shows no objection made to the rulings on which the assignments are based.

The only question which is properly presented so as to entitle it to consideration is the alleged error of the court in holding that the dredge was the subject of a lien under our statutes.

Counsel on both sides argue at length as to the application of section 4027, R. S. 1908, to the facts in this case, but in our view if there is a lien at all it must be based on the provisions of section 4028, Ibid. The part of that section necessary to be considered as as follows:

"The provisions of this act shall apply to all persons who shall do work or shall furnish materials or mining, milling or other machinery or other fixtures, as provided in section 1 of this act, for the working, preservation, prospecting or development of any mine, lode or mining claim, or deposit yielding metals or minerals of any kind, or for the working, preservation or development of any such mine, lode or deposit, in search of any such metals or minerals; and to all persons who shall do work upon or furnish materials, mining, milling or other machinery or other fixtures, as provided in section 1 of this act, upon, in or for any shaft, tunnel, mill or tunnel site, incline adit, drift  or any draining or other improvement of or upon any such mine, lode, deposit or tunnel site." * * *

It is objected that this does not refer to placers, but we are of the opinion that the words "deposit yielding metals or minerals," clearly include gold bearing sands, or gravels, which are commonly known as placers.

The provisions of the act giving liens to persons of designated classes, are, by this section, made to apply to persons who shall furnish materials or machinery, "upon, in or for" any improvement, "of or upon such mine, deposit," etc.

It is insisted, however, that the improvement must be

something which falls within the definition of fixture, and that the dredge-boat, not being affixed to the land, is not a fixture.

According to the modern doctrine, whether or not a thing is a fixture is to be determined not alone by the fact that it was or was not affixed to the realty; but rather by the use to which it is to be applied, and the intention of the party who brings it upon the land, as shown by the circumstances of the case. *Cary Hardware Co. v. McCarty,* 10 Colo. App. 200, 50 Pac. 744; *Roseville A. M. Co. v. Iowa Gulch G. M. Co.,* 15 Colo. 29, 24 Pac. 920, 22 Am. St. 373.

The record shows that the placer which the Dredging Company had an option to purchase, with a present right of possession, was of large area, consisting of many claims; and that the dredge-boat was a substantial structure 85 feet long, 30 feet wide, and 6 feet deep, weighing, with its machinery, 725,000 pounds. It was floated in an artificial pond, from one side or end of which it took sand, gravel, and rocks, which after being washed, were deposited at the rear of the dredge, which moved forward as the work progressed.

Had the dredge been actually affixed to the land, and immovable, the use for which it was intended would not have been possible.

That such a structure was intended for the permanent working of the deposit, and not for mere temporary use, cannot be doubted. It was an improvement "of and upon" the gold bearing deposit, essential to working it, and as much a part of it as is a mill on a lode claim. The machinery on the dredge-boat formed a part of it, was necessary to effectuate the purpose of the boat's construction, and was a fixture under the decisions of this court. *Gibson v. McNichols,* 51 Colo. 54, 116 Pac. 1041.

Plaintiffs in error contend that a lien in this case can in no event attach to the land, since the Dredging Company had only an option to purchase it. While it is true that there

was no agreement by the Dredging Company to purchase, there was a condition, in the instrument giving the option, that a dredge-boat should be constructed. This was a requirement made by the Trinchera Estate Company, the owner of the land. This brings the case within the rule laid down in *Shapleigh v. Hull,* 21 Colo. 419, where this court held that when a vendor requires the construction of a building upon the land contracted to be conveyed, and it is built, the land as well as the building is subject to a lien.

That the Dredging Company could not be compelled to construct the boat is immaterial, the question turning not upon that company's obligation in the matter, but upon the fact that the owner of the land required, and so authorized, the construction of the dredge on the land.

The liens, therefore, attached to the fee, and are good as against plaintiff in error Wight, who took title from the Trinchera Estate Company after the liens had attached, and with full notice of the facts.

Wight was a stockholder in the Dredging Company, took part in conferences concerning the construction of the dredge, and took title to the placer by deed, made expressly subject to the agreement which required a dredge to be constructed.

It is contended that a lien in this case is not within the reason of the law which is said to give a lien only for that which has added value to real estate. But it cannot be denied that the placer, which we are justified in assuming to contain gold of considerable value, in view of the amount paid for it, is of greater value with this dredge-boat on it, and equipped for recovering the gold, than it was before the dredge was built.

There is certainly no lack of equity in subjecting the land to debts incurred for improvements thereon made at the instance of the owner of the fee.

But, it is said, it is impossible to determine how much

of the realty should be made subject to the lien. The statute provides that the lien shall extend to so much of the lands as may be necessary for the convenient use and occupation of the structure from whose construction the lien originates. This is clearly for the benefit of the lien-holder, so that he may not be deprived of an opportunity to realize on his security by having less ground than is necessary for its proper use. Here the placer forms a single undivided property, intended to be worked by the dredge-boat, and the lien properly attaches to it as a whole.

Objection is made in argument to several items of the claims, but as the abstract does not contain the lien statements or other evidence upon which the court made its findings, we are not called upon to consider those matters.

Assignments of error 17 and 18 allege that the mechanic's lien law of this state is unconstitutional, but no error is alleged in any ruling of the trial court on that question.

A careful examination of the abstract discloses no question of the kind raised in the court below; hence we cannot consider it here.

There being no error in the record, the judgment is affirmed.

CHIEF JUSTICE GABBERT and Mr. JUSTICE GARRIGUES concur.

Decided November 1, A. D. 1915. Rehearing denied January 3, A. D. 1916.