No. 10,145.

THE HOME PUBLIC MARKET COMPANY, ET AL. *v.* FALLIS.

Decided July 3, 1922. Rehearing denied October 2, 1922.

Action to foreclose mechanic's lien. Judgment for plaintiff.

*Affirmed.*

1.  LIENS—*Mechanics'—Architect—Contract.* It is not necessary that an architect, in order to have a lien on property for services rendered in preparing plans, specifications and estimates for a building, should have a written contract filed of record, covering such services.

2.       *Mechanics'—Property Affected.* The mechanics' lien statute gives a lien upon whatever interest the owner had when the work was begun, and upon any greater interest which he acquires before the lien is enforced. Any person having an assignable, transferable or conveyable interest is deemed an owner.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. JOHN T. BOTTOM, for plaintiffs in error.

Mr. A. J. FOWLER, Mr. ERNEST B. FOWLER, for defendant in error.

*En banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS was a suit to foreclose a mechanic's lien claimed by defendant in error for labor and professional services as architect, against The Home Public Market Company, Sam Levy and M. H. Block. Levy and Block were partners in an option and a ninety-nine-year lease on twelve lots in Denver, and to further their enterprise promoted and organized The Home Public Market Company, with the object of building, within a year, a market building on the premises, to cost not less than $150,000.00, in compliance with the terms of the option and lease from the owner of the land. Levy and Block employed defendant in error to make plans, specifications, drawings and estimate of costs, and to superintend the construction of the building, and agreed to pay him for his services five per cent. of the cost of construction. The plans, specifications, drawings and estimate of costs were duly made and delivered by the defendant in error to Levy and Block. Thereafter, Levy and Block assigned and transferred to The Home Public Market Company their option and lease for the twelve lots and then breached their contract with defendant in error by denying him the right to superintend the construction of the building. The defendant in error filed his lien statement for his labor so performed,

which resulted in this suit of foreclosure. The defendant in error had judgment and the court decreed a lien against the leasehold of The Home Public Market Company.

It is contended that inasmuch as the contract of employment was not reduced to writing and filed of record, that it is a nullity and not enforcible. This contention is not tenable. It is sufficient answer to this contention to say that the statute expressly authorizes a lien arising out of a contract, either express or implied. Sec. 4025, R. S. 1908.

It is next contended that at the time defendant in error made his contract and performed the labor as architect, Levy and Block had no interest in the property by virtue of their option for a lease, to which a lien could attach. This contention cannot be maintained. Before the completion of the building the option ripened into a ninety-nine year lease. The Home Public Market Company took the assignment of the option and lease with full notice and knowledge of the contract of employment between Levy and Block and the defendant in error. The statute gives a lien upon whatever interest the owner had when the work was begun, and to another or greater interest whenever acquired before the lien is enforced, and any person having an assignable, transferable or conveyable interest shall be deemed an owner. Sec. 4027 R. S. 1908; *Jarvis v. State Bank,* 22 Colo. 309, 45 Pac. 505, 55 Am. St. Rep. 129; *Colorado Co. v. Stearns-Rogers Co.,* 60 Colo. 412, 153 Pac. 765.

We are of the opinion, after a careful examination of the record, that there is ample evidence to support the findings of the court, and the judgment should be affirmed. Judgment affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.