No. 11,110.

LAMAR COLD STORAGE CO. *v.* UNION ICE AND STORAGE CO.

Decided June 22, 1925.

Action for rent. Judgment for plaintiff for less than its claim.

*Reversed.*

1.  LANDLORD AND TENANT—*Repairs by Tenant.* Where a tenant under an alleged oral modification of a written lease, with the knowledge of the landlord made repairs on the property and deducted therefor from the rent, a finding by the trial court that there was such a modification, approved.

2.  *Reduction of Rent.* Where a tenant from year to year after protesting that the rent was too high, fixed $600 as the maximum it would be satisfied to pay was told by the landlord's representative that the rent would be made satisfactory, a finding by the court that there was a reduction to $600 per annum, approved.

3.  *Rental—Term.* Where a tenancy is from year to year and there is a reduction of rent without stipulation as to when the new rate is effective, the tenant is bound to pay the old rate to the end of the year, there being no consideration for a reduction prior thereto.

4.  *Rent—Deferred Payments—Interest.* Where leased property was thrown into the hands of a receiver and the landlord directed the tenant to pay no rent to anyone, on which direction it acted, this did not relieve it from liability for interest on payments so withheld.

*Error to the District Court of Prowers County, Hon. A. F. Hollenbeck, Judge.*

Messrs. NORTHCUTT & NORTHCUTT, for plaintiff in error.

Mr. GRANBY HILLYER, for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error was plaintiff, and defendant in error was defendant, in the trial court, and we hereinafter so refer to them.

The action was for rent for a warehouse. Trial was to the court without a jury and plaintiff had judgment for less than its claim. To review that judgment it brings error.

The deficiency of which plaintiff complains was in the rent allowed for a portion of the term and a credit to defendant for repairs. On the other hand interest was computed on payments in arrears and defendant assigns cross error thereon.

In the beginning there was a written lease for a term of three years expiring September 1, 1911. Thereunder rent was payable monthly in advance at a rate which increased each year (being $100 per month for the last year) and the tenant was obliged to make repairs. At the expiration of the term defendant held over under certain oral modifications and the tenancy became one from year to year. It is undisputed that one of the modifications reduced the annual rent to $800.

The evidence shows that during the time when rent was paid under the modifications the tenant, with the knowledge and consent of the landlord, made repairs and deducted therefor. As conduct speaks louder than language we must approve the finding of the trial court that there was such an oral modification and affirm the judgment as to repairs.

In the early part of the year 1917, the tenant repeatedly protested that the rent was too high and must be reduced or the tenancy would be terminated. The demand was never refused but excuses were made for delay. Finally about the middle of May defendant made its demand positive and fixed $600 as the maximum it would pay. In answer thereto it was told, over the telephone, by the landlord's representative that the rent would be made "satisfactory." Just then the premises became involved in a receivership which continued until June 13, 1922. Dur-

ing that time no rent was paid and the rate was not discussed. On this evidence the court found a reduction to $600 per annum, beginning May 17, 1917. As to the rate we think the court right beyond question. The tenant had fixed the maximum it would pay or vacate, the highest rate satisfactory to it. The landlord said the rate would be made satisfactory, permitted the tenant to continue in possession, and did not again mention the subject. We must hold, therefore that there was a meeting of the minds on the lower rate. However, there is no evidence as to the date when the reduction was to become effective. The tenancy being one from year to year defendant was bound to pay at the old rate to the end of the year, i. e., September 1, 1917. There was no consideration for a reduction prior thereto. To that extent the judgment must be modified.

Defendant claims exemption from the payment of interest on evidence that it acted on plaintiff's direction to pay no rent to anyone until the receivership matter was settled. That direction, whatever it was, accompanied a request that payment be stopped on a check for rent which had fallen into the hands of the receiver. We cannot give the evidence in question so broad a construction as defendant claims for it, and think the trial court correct in refusing to do so. Certainly plaintiff was not protesting payments to it and was powerless to direct as to others who might later be shown entitled to the funds in question. Moreover defendant was made a party to the receivership proceeding and the lawful payee of the rent was in question in that litigation. Defendant had only to make a valid tender, or pay the money into court in that case, to relieve itself of liability for interest. It did not do so and during all this time has had the use of funds to which it had no claim, the amount of which was fixed by express contract, and which, under its own evidence, was due and payable at definite dates. Section 3778, C. L. 1921; *Harvey v. D. & R. G. R. Co.*, 56 Colo. 570, 139 Pac. 1098.

The judgment is reversed and the cause remanded with instructions to enter judgment in conformity herewith.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.