## No. 11,490.

### MACALUSO, ET AL. *v.* EASLEY.

Decided February 14, 1927.

## Action for rent.  Judgment for plaintiff.

### *Affirmed.*

1. APPEAL AND ERROR—*Pleading—Objections.* Objection made, that a claim for rent accruing after the commencement of the action could not be brought into the case by amendment, but only by supplemental complaint, held insufficient to raise that question for review.

2. PLEADING—*Name.* It is the substance and effect of a pleading rather than the name given it that is of paramount importance.

3. APPEAL AND ERROR—*Pleading—Supplemental Complaint—Amendment.* In an action to recover rent, claim being made for rent accruing subsequent to the beginning of the action, it is held that there was no prejudice to the rights of defendant in allowing the allegation to be made by pleading styled an amendment to the complaint, instead of denominating it a supplemental complaint, the allegations being sufficient in substance.

4. PLEADING—*Supplemental Complaint—Purpose.* One of the reasons for requiring a party to file a supplemental pleading to enable him to rely upon matters that have accrued since the filing of his previous pleading is, that he should enable his adversary to take issue as to such new matters.

5. APPEAL AND ERROR—*Technical Errors.* Technical errors are not ground for reversal where it appears from the record that the judgment is manifestly correct.

6. *Fact Findings.* In an action for rent, evidence held ample to sustain the finding of the trial court that the lessee voluntarily vacated the premises.

7. LANDLORD AND TENANT—*Eviction.* A tenant's voluntary surrender of premises is not an eviction.

8. INTEREST—*Rent—Installments.* In an action for rent, which under the terms of the lease was payable monthly in advance, plaintiff was entitled to interest from the due date of installments of rent to the date of judgment, under C. L. § 3778.

9. APPEAL AND ERROR—*Objections*. Objections must be made in the trial court in order to reserve questions for review.

10.    *Fact Findings*. Fact findings of the trial court based on conflicting evidence will not be disturbed on review.

*Error to the District Court of Las Animas County, Hon. A. F. Hollenbeck, Judge.*

Messrs. NORTHCUTT & NORTHCUTT, for plaintiffs in error.

Messrs. McHENDRIE & SHATTUCK, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE defendant in error brought an action for rent against the plaintiffs in error. The trial was to the court without a jury, and the plaintiff had judgment. To review that judgment the defendants bring error.

The premises were leased to Rafael Macaluso and his wife, Josephine, as copartners, under the firm name of Macaluso Motor Company, for the term of three years from April 1, 1924, at $200 per month payable monthly in advance. At the time of the execution of the written lease the defendants Glaviano and Barbata executed a bond guaranteeing the performance of the covenants of the lease by the lessees. The lease contained a provision requiring the lessor to "without delay * * * repair the roof of said building at the places where it now leaks when it rains or snows thereupon thaw." It is not denied that the lessees entered into possession of the premises at the beginning of the term and continued in possession until the early part of November, 1924,

when the lessees quit the premises, and that the defendants paid no rent after October 1, 1924.

The complaint charged that at the time of the commencement of the action, on April 11, 1925, the lessees owed rent in the sum of $1,400; that the lessor performed the covenants of the lease, including the repair of the roof; that after the lessees vacated the premises the lessor made diligent and unsuccessful efforts to re-let the building, until August 15, 1925, when the premises were rented for $150 per month, the best rent then obtainable.

The two separate answers of the defendants are substantially the same. The answers denied performance and alleged that the plaintiff wholly failed and neglected to repair the roof, and that by reason thereof the lessees were forced and compelled to quit the premises and were evicted therefrom; and, for a second defense averred that the lessees quit and surrendered the premises upon the demand of the landlord.

The plaintiff filed a replication and at the same time interposed a general demurrer to the answers and also filed a motion praying leave to amend her complaint by alleging a demand for rent for the period intervening between the commencement of the action and the day of trial. The court allowed the amendment as offered by the plaintiff and the case proceeded to judgment.

It is contended by defendants that the claim for rent accruing after the commencement of the action could not be brought into the case by amendment, but only by a supplemental complaint. Sec. 80 Code, C. L. 1921. The objections made by defendants were clearly insufficient to raise this question for review. 3 C. J. 746. However, the defendants joined issues on the facts as alleged in the amendment and proceeded to trial. The averments of the amendment appear to be in due form, and would have been proper and sufficient had the averments been made in a pleading denominated a supplemental complaint. We conceive that it is the substance and effect

of a pleading, rather than the name given to it, that is of paramount importance. No substantial right of the defendants was affected by allowing the amendment of the complaint styled an amendment, instead of denominating it a supplemental complaint. One of the reasons for requiring a party to file a supplemental pleading to enable him to rely upon matters that have accrued since the filing of his previous pleading, is, that he should enable his adversary to take issue as to such new matters. 21 Enc. Pl. & Pr. 9. The objection is technical, and the allowance of the amendment occasioned no prejudice to the defendants. The rule is that technical errors are not ground for reversal where it appears from the record that the judgment is manifestly correct. *Balfe v. People*, 66 Colo. 94, 179 Pac. 137.

It is strenuously urged by counsel for plaintiffs in error that the evidence shows that the lessor breached her covenant to repair the roof of the premises, and that having so neglected to remedy the defect and stop the leak, it constituted in law a constructive eviction of the lessees. On the questions raised as to the condition of the roof and the repairs made by the lessor, the testimony is not free from conflict, and we conceive that the finding of the trial court upon conflicting evidence must be binding here. The evidence is clear that the lessor, who resided at the time in California, did make certain repairs of the roof, through the efforts of her daughter, Mrs. Taylor, who was then residing in Trinidad. The witness Charles Macaluso, the son of the lessees, and who superintended the execution of the lease and bond and was admitted to be the sole manager of the defendant motor company, testified as follows:

"Q. You took up with Mrs. Taylor, shortly after you moved in there, the question of the condition of the roof? A. Yes, sir.

"Q. And Mrs. Taylor told you that she was taking a contract or letting a contract to get figures on the roof, didn't she? A. Yes, sir.

"Q. And then she told you that she had made a contract with Mr. Rupp? A. Yes, sir.

"Q. And Mr. Rupp did come down and fix the roof, in the month of April, didn't he? A. Yes, sir.

"Q. And then after— A. I don't remember exactly the date, but he fixed it; I don't remember exactly whether it was April, May or June.

"Q. Do you say he didn't fix it in April? A. I don't know when he fixed it, I wouldn't say.

"Q. Do you remember Mrs. Taylor and Mr. Rupp coming down there after Mr. Rupp had finished the roof, and Mrs. Taylor telling you that Mr. Rupp had given a ten-year guaranty on that roof, and if any leaks developed to let her know, and that she would have it fixed? A. Yes.

"Q. And then there was a little leak developed, and you did notify Mrs. Taylor and Mr. Rupp, didn't you? A. Yes, sir, I notified Mrs. Taylor.

"Q. And then Mr. Rupp came down in a few days and fixed that leak, didn't he? A. Well, he fixed a few leaks, but it still leaked.

"Q. He did come down and fix a leak? A. A few leaks, but there were still some there.

"Q. Weren't you told by Mr. Rupp if any other leaks should develop in that roof you were to let him know and he would fix them? A. Yes, sir.

"Q. And you never did mention it to him again, did you? A. I mentioned it to Mrs. Taylor."

There is no evidence in the record that the new or old leak in the roof, if any, was of such a character as to render the premises untenantable or that the lessees vacated the building because of its leaky condition. However, if Charles Macaluso's testimony is to be accepted as true, the premises were not vacated by the lessees be-

cause of the leaky condition of the roof.  Mr. McHendrie, attorney for plaintiff, asked Macaluso:

"Q.  How did you happen to move out?  A.  Well, a brother of mine there had a telephone call the day before that, and I happened to be out.  I come in; he says to me, 'I had a telephone call from Olson'; he says 'I don't know who he is'; and he says to tell you to move out.

"Q.  Did you talk with Mr. Olson?  A.  I went up to see Mr. Olson once, yes, sir.

"Q.  What took place at the interview  A.  Well, he says 'I want it, I want the rent'; that is all he said.

"Q.  That is all he said?  A.  Yes; to me, at that morning, he said he wanted the rent.

"Q.  He didn't notify you to move out?  A.  He told my brother to move out.

"Q.  Did he or not tell you to move out  A.  No; he told me later on."

Charles Macaluso also testified, in answer to a question propounded to him by defendants' counsel:

"Q.  If I understand your testimony correctly, you told Mr. McHendrie—Judge McHendrie—and also myself, that the reason you moved out there was because they notified you to get out?  A.  Yes, sir."

The evidence is ample to sustain the findings of the court that the lessees voluntarily vacated the premises. A tenant's voluntary surrender of premises is not an eviction.  *Symes Inv. Co. v. Wheelock,* 55 Colo. 459, 136 Pac. 65.

It is sufficient to say that the evidence is wholly insufficient to sustain the second defense of the answer, that the plaintiff demanded possession of the premises or that she notified the lessees to relinquish and surrender the lease.

It is contended that the allowance of interest from the maturity of the several installments of rent to the date of the judgment was contrary to the law of this state. The contention is without merit.  Section 3778, C. L.

1921, provides: "Creditors shall be allowed to receive interest when there is no agreement as to the rate thereof, at the rate of eight per cent per annum, for all moneys after they become due, on any bill, bond, promissory note or other instrument of writing   *   *   *."

The claim of plaintiff was for money due for rent by virtue of a written lease. The statute clearly included the claim sued on in this case, and the plaintiff was entitled to interest from the due date of the installments of rent to the date of judgment. *Lamar Cold Storage Co. v. Union Ice & Storage Co.*, 77 Colo. 556-558, 238 Pac. 42; *Wells v. Crawford,* 23 Colo. App. 103–109, 127 Pac. 914.

Other assignments of error are made which cannot be considered, because the record shows no objections to have been made to the ruling on which the assignments are based. *Colorado Gold Dredging Co. v. Stearns-Roger Co.*, 60 Colo. 412, 414, 153 Pac. 765. The rule is almost universal that objections must be made in the trial court in order to reserve questions for review. 3 C. J. 742. It may be well to observe that able counsel who now appear for the defendants were not attorneys at the trial below and took no part in making the record brought here for review.

Viewing the testimony in the case in the light most favorable to the contention of the plaintiffs in error, the most that can be said of it is that there is a conflict in the evidence. The trial court heard the testimony, saw the witnesses, and was better able to determine their credibility than a court of review. Consequently its findings cannot be disturbed.

The judgment is affirmed.

Mr. Chief Justice Burke and Mr. Justice Denison concur.