No. 12,589.

Park Lane Properties, Inc. et al. *v.* Fisher et al.
(5 P. [2d] 577)

Decided November 9, 1931.   Rehearing denied November 30, 1931.

Messrs. Hodges, Wilson & Rogers, Mr. Henry C. Vidal, Mr. Thomas M. Burgess, for plaintiffs in error.

Messrs. Davis & Wallbank, for defendants in error.

592

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

Park Lane Properties, Inc., owner of the Park Lane Hotel in Denver, the Colorado National Bank of Denver, Heino F. Busch and Charles Forman as trustees under mortgages or deeds of trust thereon, here seek to reverse a judgment rendered in the Denver district court awarding to W. E. Fisher and A. A. Fisher, architects, a lien against said property in the sum of $9,217.88, contending: 1. "Fishers' claim was not a lawful basis for a lien under the Mechanic's lien Statute." 2. "If plaintiffs had a lienable claim, their statement of claim was filed too late and their action to enforce the lien was not commenced within the time provided by law." 3. "If plaintiffs had a lienable claim, it was subordinate to the claim of plaintiffs in error, The Colorado National Bank, and Heino F. Busch, Trustees under the first mortgage."

The record discloses that the Marion Realty Corporation, one of the defendants below, in 1925 owned the real estate in question and contracted in writing with the Fishers for architects' services in connection with the erection thereon of an apartment hotel. Pursuant to this contract, the Fishers prepared preliminary survey, scale details, working and engineering drawings, plans, specifications and studies for such hotel. This work covered a period of more than 12 months. These surveys, drawings, plans and specifications were submitted by the realty corporation through its president to various financial institutions for the purpose of securing a loan on the building to be erected and the land to be occupied thereby.

No local loan being available, in January, 1926, the Marion Realty Company submitted the Fishers' plans and specifications to George M. Forman and Company of Chicago and to its architects, Hooper and Janusch, who prepared plans and specifications which were used in the construction of the building.

Fishers' services started in March, 1925, and ended about March 24, 1926. Construction was commenced in April, 1926, the hotel completed June 15, 1928, Fishers' mechanic's lien filed November 24, 1926, and this suit instituted July 28, 1928. The Fishers recovered judgment against the Marion Realty Company for $9,217.88, the amount thereof here not being questioned, and were awarded a first lien against the apartment hotel and the land reasonably necessary for its use and occupation.

Plaintiffs in error knew that the Fisher plans had been prepared and had not been paid for prior to their acquisition of any interest in the premises.

The evidence further discloses that the Fishers' services were furnished upon the faith and credit of the real estate and building to be constructed thereon; that these services materially aided the Marion Realty Company and its successors in interest, the Park Lane Properties, Inc., in the construction of said hotel and that certain of the fundamental principles, essential features and treatment of the building erected under the plans prepared by Hooper and Janusch, were embodied in the Fisher plans.

Plaintiffs in error claimed an alleged cessation of work upon the premises from April 12, 1927, to October 1, 1927. On this point the testimony was conflicting and the trial court found there had been no cessation.

1. Plaintiffs in error urge that the Fishers are not entitled to a lien because their contract with the Marion Realty Company provided as follows: "Should a dispute arise at any time between the parties hereto as to any of the terms and conditions of this agreement the same shall be settled by arbitration in the following manner."

This contention is untenable because it does not appear that a dispute had arisen between the parties to this contract. The amount sued for and the judgment recovered, was never questioned by the Marion Realty Company. There was nothing to arbitrate. An arbitration clause in the contract in itself cannot be held to be a waiver of

lien rights. The Park Lane Properties, Inc., not being a party to this agreement, is in no position to assert that a dispute to a lien right has originated thereunder.

■ Plaintiffs in error further assert that the Fishers are not entitled to a lien because their plans were not used.

Our mechanic's lien act, section 6442, C. L. '21, provides: "And also architects, engineers, draughtsmen and artisans who have furnished designs, plans, * * * or who have rendered other professional or skilled service, or bestowed labor in whole or in part, describing or illustrating or superintending such structure, or work done or to be done, or any part connected therewith, shall have a lien upon the property upon which they have rendered service or bestowed labor * * * for the value of such services rendered * * * for the work or labor done or services rendered * * * by each respectively."

Plaintiffs in error argue that because the Fisher plans were not used, the structure contemplated thereby did not come into existence and therefore no lien for such services arises. This argument is based upon the erroneous premise that the Fisher plans were not in fact used in the construction of the building. It was alleged, proven and the trial court found, that the Fisher plans were furnished to be used in the erection of the apartment hotel; that fundamental principles, features and treatment therein contained were incorporated in the plans of Hooper and Janusch and were of material aid and assistance in its construction. Therefore, the question of an architect's right to a lien for plans not used and of no aid or assistance in the erection of a building is not presented here.

If we were to hold that the identical Fisher plans must have been used before their right of a lien attached, they would not be given the full protection contemplated and created by the lien statute. Such ruling would afford opportunities for unscrupulous builders to defeat legitimate

lien rights of architects. The services of the Fishers continued for over a year and were largely evidenced by the plans, specifications, details and drawings submitted to Hooper and Janusch, Chicago architects, used by them in the preparation of, and partially incorporated in, the plans actually prepared and used in the construction of the building. Under such circumstances, it would be wholly inequitable and unjust to deny the Fishers a lien for such services which were proven and found to have been rendered upon the faith and credit of the real property and the improvement erected thereon.

A similar question was determined in the case of *Home Market Co. v. Fallis*, 72 Colo. 48, 209 Pac. 641, which is here controlling. There Fallis prepared for the lessee, plans and specifications for the construction of the Home Public Market Building in Denver. His employment was terminated, but his plans were used in part by the architect of the assignee of lessee under whose plans and supervision the building was constructed. The judgment of the lower court that Fallis was entitled to a lien for the value of his services so rendered was affirmed.

█ 2. It is argued that the Fishers being principal contractors and their services being completed March 24, 1926, their lien statement should have been filed within three months and their suit commenced within six months thereafter. Fishers' lien statement was filed November 24, 1926; the building completed June 15, 1928; and this suit started July 28, 1928.

Under section 6450, C. L. '21, a principal contractor has three months from the completion of the building to file his lien statement, and under section 6451, C. L. '21, has six months after completion to institute his suit.

In *Pacific Lumber Co. v. Lieberman*, 76 Colo. 332, 334, 231 Pac. 673, which is here controlling, the contention that the laborer must begin his suit within six months after his last work and the material man within six months after the last material furnished was not upheld. Therein the court states: "The materialman may begin

his suit at any time within six months after the last material furnished by him or within six months after the completion of the building.''

3. There is no merit in the contention of plaintiffs in error that Fishers' lien is subordinate to the first deed of trust recorded April 3, 1926, because Fishers' services commenced prior thereto and section 6447, C. L. '21, provides: ''All liens, established by virtue of this act, shall relate back to the time of the commencement of work under the contract between the owner and the first contractor.''

There is ample and convincing evidence to support the findings and judgment of the trial court. Accordingly, the judgment is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.