571 P.2d 738 (1977)
JAMES H. STEWART AND ASSOCIATES, INC., a Colorado Corporation, and Empire Laboratories, Inc., a Colorado Corporation, Plaintiffs,
v.
NAREDEL OF COLORADO, INC., a Colorado Corporation, Naredel Properties of Colorado, a Limited Partnership, Dennis L. Bass, general partner and limited partner, and Donald M. Ladinsky, limited partner, the Lincoln National Life Insurance Company, Arvada State Bank, Angel/Mock and Associates, Herbert W. Angel, and Fern I. Wolaver, Public Trustee, Larimer County, Colorado, Defendants.
First National Bank, Fort Collins, Colorado, Defendant-Appellee.
WARREN A. FLICKINGER & ASSOCIATES, LTD., Defendant-Appellant,
v.
WESTERN FEDERAL SAVINGS AND LOAN ASSOCIATION OF DENVER, Metro Construction Co., S. S. Kresge Company, Mountain Savings and Loan Association, Citizens and Southern Realty Investors, a Maryland Real Estate Investment Trust, Albertsons, Inc., a Delaware Corp., United Building Centers Anderson, Inc., Kennedy Electric Co., Inc., Angel/Mock and Associates, a California Corporation, Herbert W. Angel, A. B. C. Welding Incorporated, Bengfords Masonry, Naredel Properties of Arvada, Ltd., a Georgia Limited Partnership, Naredel of Georgia, Inc., Third-Party Defendants.
No. 76-523.
Colorado Court of Appeals, Div. II.
August 4, 1977.
Rehearing Denied August 25, 1977.
Certiorari Granted November 29, 1977.
*739 Fischer, Brown, Huddleson & Gunn, Charles R. Huddleson, Fort Collins, for defendant-appellee.
Towey & Zak, Edward B. Towey, Denver, for defendant-appellant.
RULAND, Judge.
The sole issue on this appeal is whether an architect, who, pursuant to a contract with the owner of real property, prepares plans and specifications for construction of improvements upon that property, may assert a mechanic's lien even though the improvements are not subsequently erected. Having concluded that the applicable statute grants the architect a lien right under these circumstances, we reverse the judgment of the district court holding to the contrary, and remand the case for further proceedings.
The facts relevant to this issue are not in dispute. Defendant, Naredel of Colorado, Inc., formerly owned the unimproved real property which is the subject of this litigation. On July 16, 1973, Naredel requested that defendant, Warren A. Flickinger & Associates, Ltd., perform certain architectural services consisting of the preparation of plans and specifications for construction of K-Mart Plaza. The parties executed a written contract relative to Flickinger's services thereafter. The services performed by Flickinger for Naredel consisted of preparation of plans and specifications for the Plaza. Although a bid for construction of the proposed improvements was accepted by Naredel and Flickinger, the proposed improvements were never constructed.
*740 On February 13, 1974, Naredel executed a deed of trust in favor of defendant First National Bank covering the subject property as security for certain promissory notes. The Bank never entered into any type of agreement wherein it ratified or otherwise authorized the performance of any architectural services by Flickinger. Thereafter, Flickinger recorded its mechanic's lien claiming approximately $18,000 due for architectural services.
The Bank initiated foreclosure proceedings by reason of Naredel's default. Flickinger was not named as a party defendant in that action. The trial court entered judgment for the amount of the promissory notes payable to the Bank and ordered foreclosure. Thereafter the plaintiffs in this case initiated a mechanic's lien foreclosure proceeding and Flickinger appeared therein seeking foreclosure of its mechanic's lien.
Under § 38-22-101(1), C.R.S.1973:
"[A]rchitects . . . who have furnished designs, plans, plats, maps, specifications, drawings, estimates of cost, surveys, or superintendence, or who have rendered other professional or skilled service, or bestowed labor in whole or in part, describing or illustrating, or superintending [a] structure, or work done or to be done, or any part connected therewith, shall have a lien upon the property upon which they have . . . rendered service or bestowed labor . .." (emphasis supplied)
Upon trial to the court, it interpreted this statute to require that the improvements be erected as a condition precedent for establishment of a lien right, and therefore concluded that Flickinger was not entitled to a lien. In reaching this conclusion, the trial court relied upon the proposition that the mechanic's lien law was enacted to protect persons whose labor or material enhances the value of real property. In the present case, the architectural services rendered did not enhance the value of the real estate because no improvements were initiated pursuant to Flickinger's efforts.
The parties agree that the issue before us is one of first impression in this jurisdiction. See Park Lane v. Fisher, 89 Colo. 591, 5 P.2d 577 (1931). While we recognize that one of the interpretive principles governing construction of mechanic's lien law is that it was enacted to protect persons whose labor or material enhances the value of real property, see Bishop v. Moore, 137 Colo. 263, 323 P.2d 897 (1958); Kobayashi v. Meehleis Steel Co., 28 Colo. App. 327, 472 P.2d 724 (1970), that principle is not dispositive of the issue here. Where the meaning of a statutory provision is plain, and no absurdity is involved, the language is not subject to construction. American Metal Climax, Inc. v. Butler, 188 Colo. 116, 532 P.2d 951 (1975). Thus, we agree with Flickinger that the phrase "work done or to be done" in the statute mandates a conclusion that it is entitled to claim a lien. The statute grants an architect the right to claim a lien not only when he furnishes plans and specifications for "work done," but in those instances, as here, where plans and specifications are prepared for work "to be done."
We have considered the authorities cited by the Bank from other jurisdictions and do not find them persuasive in interpreting the language of the Colorado statute. Conversely, a statute similar to Colorado's was enacted in Illinois, and the interpretation of the statute by the courts in that state is consistent with the interpretation we have adopted. See Crowen v. Meyer, 342 Ill. 46, 174 N.E. 55 (1930); Freeman v. Rinaker, 185 Ill. 172, 56 N.E. 1055 (1900).
Nor do we find support for the Bank's position that provisions of the mechanic's lien law governing attachment of the lien specifically refer to structures or improvements. See §§ 38-22-103, 38-22-105, and 38-22-106, C.R.S.1973. We view those provisions as merely defining the extent to which a foreclosure may include the land upon which a building or other improvement has been erected.
The judgment is reversed and the cause remanded with directions to the trial court to conduct additional proceedings consistent with the views herein expressed.
ENOCH and KELLY, JJ., concur.