PAUL MULLINS CONSTRUCTION
COMPANY, Plaintiff-Appellee and
Cross-Appellant,

v.

Mark H. ALSPAUGH and Juanita S.
Alspaugh, Defendants-Appellants
and Cross-Appellees.

No. 78–946.

Colorado Court of Appeals,
Div. I.

Nov. 28, 1980.

Rehearing Denied Jan. 2, 1981.

Certiorari Denied April 27, 1981.

Eldon E. Silverman, P. C., Eldon E. Silverman, Denver, for plaintiff-appellee and cross-appellant.

Mark Alspaugh and Juanita S. Alspaugh, pro se.

RULAND, Judge.

Defendants, Mark and Juanita Alspaugh, appeal from a judgment of the trial court awarding them $6,995.95 on their counterclaim against plaintiff, Paul Mullins Construction Co., for breach of contract in conjunction with the construction of a residence for the Alspaughs. They contend, *inter alia*, that the trial court erred in denying their motion to compel Mullins to arbitrate the dispute between the parties. Mullins cross-appealed contending that the trial court erred in awarding judgment for the Alspaughs. Concluding that the motion to compel arbitration should have been granted, we reverse.

On March 12, 1974, Mullins entered into a contract with Alspaughs for the construction of a residence. The contract contained an arbitration clause which provided:

All claims or disputes arising out of this Contract or the breach thereof shall be decided by arbitration in accordance with the Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. Notice of the demand for arbitration shall be filed in writing with the other party to the Contract and with the American Arbitration Association and shall be made within a reasonable time after the dispute has arisen.

A dispute arose between Mullins and the Alspaughs, and the Alspaughs filed a demand for arbitration. Mullins submitted to arbitration by filing a response; in the response, Mullins asserted a counterclaim for labor and material. The response also reserved the right to arbitrate "only as a condition precedent to a possible court action."

Based upon this statement in the response, the Alspaughs filed suit alleging a wrongful attempt by Mullins to avoid final-

**114**

ity of submission to arbitration. The Alspaughs also alleged other claims for relief. Mullins then initiated a mechanic's lien foreclosure action; the Alspaughs responded with a motion to quash the summons and dismiss alleging that the case should be resolved by arbitration.

The trial court conducted a hearing on all pending motions in both cases. In its ruling, the court noted that the principal issue was whether Mullins could be compelled to arbitrate. The court determined that Mullins could not be required to arbitrate for two reasons. First, because Mullins was asserting a statutory mechanic's lien against the Alspaughs' property, the court concluded that the arbitration clause could not serve as the basis for dismissal of Mullins' complaint since a dismissal would in effect discharge the lien. And, the court reasoned that by filing their respective law suits, both parties had, by implication, waived any agreement to arbitrate. The court therefore dismissed the Alspaughs complaint without prejudice and directed that the Alspaughs file an answer and counterclaim to Mullins' complaint.

The Alspaughs filed an original proceeding in the Supreme Court asserting that the trial court had exceeded its jurisdiction in denying their motion to arbitrate. The Court issued a rule to show cause to the district court. Because the trial court had jurisdiction to rule on the question of waiver, the Court held that an original proceeding was not a proper means for review of the trial court's ruling. See Alspaugh v. District Court, 190 Colo. 282, 545 P.2d 1362 (1976). The case then proceeded to trial on the merits and judgment was entered.

We recognize that Mullins did not waive its right to a mechanic's lien by executing a contract which contained an arbitration clause. See Park Lane Properties, Inc. v. Fisher, 89 Colo. 591, 5 P.2d 577 (1931); Annot., 73 A.L.R.3d 1042. However, submission of a dispute between the Alspaughs and Mullins to arbitration is a condition precedent to the pursuit of legal action. Guthrie v. Barda, 188 Colo. 124, 533 P.2d

487 (1975). Conversely, the Alspaughs did not waive their right to arbitration by initiating litigation. See Cordillera Corp. v. Heard, Colo., 612 P.2d 92 (1980). As acknowledged by the trial court in its ruling, the principal assertion in the complaint and the subsequent motion to compel arbitration was the preservation of arbitration rights. Hence, the trial court should have entered an order staying the civil action by Mullins pending arbitration. See Zahn v. District Court, 169 Colo. 405, 457 P.2d 387 (1969).[1]

By reason of our resolution of this issue, we need not consider the other contentions of the Alspaughs and the cross-appeal by Mullins.

The judgment is reversed and the cause is remanded with directions to enter an order granting the Alspaugh's motion to compel arbitration and to stay the proceedings in this case pending that arbitration.

COYTE and PIERCE, JJ., concur.

---

1. Issuance of stay orders is now governed by § 13–22–204(4) C.R.S. 1973 (1979 Cum.Supp.) for contracts to arbitrate executed after July 14, 1975.