James F. ENGELBRECHT, Petitioner,

v.

JEFFERSON COUNTY SCHOOL DISTRICT R–1, Respondent.

No. 82CA1070.

Colorado Court of Appeals, Div. II.

June 14, 1984.

Rehearing Denied July 12, 1984.

George C. Price, Aurora, for petitioner.

Sherman & Howard, William F. Schoeberlein, Mary Volk Gregory, Denver, for respondent.

VAN CISE, Judge.

James F. Engelbrecht, a tenured elementary physical education teacher, seeks review of his dismissal by Jefferson County School District No. R–1 pursuant to the Teacher Employment, Dismissal and Tenure Act of 1967, § 22–63–101, et seq., C.R.S. We affirm.

I.

Contrary to Engelbrecht's contention, the findings of the hearing officer on which her conclusions and recommendation were based, and the decision of the board of education of the school district, are supported by the evidence received at the hearing. Therefore, they may not be disturbed on appeal. *Ricci v. Davis*, 627 P.2d 1111 (Colo.1981); *Thompson v. Board of Education*, 668 P.2d 954 (Colo.App.1983); § 24–4–106(11), C.R.S.

II.

Engelbrecht also contends that the hearing officer's findings do not reflect or discuss all of the evidence adduced at the hearing. He argues that such failure interfered with the board's ability to enter a just order. We do not agree.

The record of the 15 days of proceedings before the hearing officer consists of a 2650 page transcript and hundreds of exhibits. This record was available to her before she made her findings and recommendations to the board. And, this record was also transmitted to the board along with her report. Her 23 pages of findings "were sufficiently detailed to enable the board to make its decision. To require that the findings include all the evidence contained in the record would subvert the role of the hearing officer." *Thompson v. Board of Education, supra.*

III.

The collective bargaining agreement claimed to have been violated is not included in the record on appeal. Nor are the documents which Engelbrecht asserts show that the board improperly delegated its dismissal authority to subordinates. Therefore, these issues are not properly before us for review and will not be addressed.

IV.

Engelbrecht argues that, since the board's dismissal order was issued 34 days after the date of the hearing officer's report, the order is invalid. We do not agree.

Section 22–63–117(10), C.R.S. (1983 Cum. Supp.) provides:

"The board of education shall review the hearing officer's findings of fact and recommendations, and it shall enter its written order within thirty days after the date of the hearing officer's findings and recommendations ... If one or more of the deadlines for holding a hearing for adoption of findings and recommendations by the hearing officer, or for the board's written order cannot be met for good cause shown and the procedures required by this section are followed except for compliance with any such deadline, the proceedings under this section shall not be invalidated."

The board specifically found that there was good cause for not complying with the time requirement. In view of the voluminous record and the detailed and comprehensive report from the hearing officer, that finding was justified. Also, there is nothing in the record of the board proceedings to indicate any intent to delay on the part of the board or to show that

Engelbrecht was prejudiced by the board's failure to act within the 30-day period. And, he was paid for the period to and including the date of the order, as mandated by § 22–63–117(12), C.R.S., as then in effect. Under the circumstances of this case, where it appears from the record that the order is correct, a four-day noncompliance with the statutory deadline was harmless. *See Macaluso v. Easley,* 81 Colo. 50, 253 P. 397 (1927); *Smith v. Vinland,* 53 Colo. 487, 127 P. 1022 (1912).

Judgment affirmed.

SMITH and BERMAN, JJ., concur.