GLOBE & REPUBLIC INSURANCE COMPANY OF AMERICA, Plaintiff in Error,

v.

INDEPENDENT TRUCKING COMPANY, Inc., an Oklahoma Corporation, Defendant in Error.

No. 40297.

Supreme Court of Oklahoma.

Dec. 3, 1963.

Knight & Wilburn, by Ray H. Wilburn, Tulsa, for plaintiff in error.

Doyle Watson, Drumright, for defendant in error.

DAVISON, Justice.

This is an appeal by Globe & Republic Insurance Company of America (defendant below) from a money judgment rendered in favor of Independent Trucking Company, Inc. (plaintiff below) upon a liability insurance policy issued by the above named defendant insurance company. The parties will be referred to as Globe and Independent.

The record reflects that Independent was engaged in the business of hauling oil field equipment by means of motor trucks and trailers and that Globe furnished an insurance policy to Independent covering loss or damage to such property during the loading, transportation and unloading of said equipment. The background of the instant suit and appeal is that one Ray Lawrence engaged Independent to haul a unit of equipment consisting of two motors and a pump, and weighing about 15 tons, to a well location. While Independent was engaged in loading the equipment the line or cable broke twice causing the equipment to fall about 2 or 3 feet on each occasion. The only noticeable result of the falls was that the radiator hose was jarred loose and this was replaced. Thereafter Lawrence used the pump unit for a number of days at several well locations until the pump failed to operate because of broken pump gears and housing. In making repairs it was found that two bolts holding a front motor support were sheared off.

Lawrence sued Independent, claiming damage in that the falls sheared the bolts and damaged the pump because the weight was placed on a rear support, whereby that part of the unit was out of alignment and in effect operated under strain. Globe undertook the defense of that action under

a non-waiver and reservation of rights agreement. The suit was tried to the court and resulted in a general lump sum judgment, with no findings, in favor of Lawrence and against Independent for all of the damage sustained and resulting to the equipment in the sum of $1832.40. We assume that the court concluded that the initial damage to the bolts and the condition thereby created was the proximate cause of any and all subsequent damage to the pumping unit. Globe refused to pay this judgment on the ground that the damage was not covered by its insurance policy and Independent paid the judgment.

Thereafter Independent brought the present action against Globe on the insurance policy to recover the amount paid in satisfaction of the judgment and in addition thereto an attorney fee for services of its attorney in the present action. The action was tried to the court upon a stipulation as to the existence of the policy and the satisfaction of the prior judgment and by introduction in evidence of a transcript of the proceeding and testimony in the prior action. The trial court rendered a general judgment, with no findings, in favor of Independent and for $450 attorney's fee.

Globe urges that under the terms of the policy its liability was limited to the damage to the equipment occurring while in the custody of Independent and that the evidence shows this consisted of only the two sheared bolts, which would cost only $10 to replace, and that the balance of the damage included in the money judgment took place after the equipment was delivered to Lawrence and while it was being operated. If such contention is supported by the evidence and the applicable law, then the liability of Globe falls within the $100 deductible provision of the policy and Globe owes nothing to Independent.

In Section 1 of the policy Independent is insured on its liability as a carrier for physical loss or damage to oil field equipment "while in the actual custody" of Independent and during transportation by motor trucks and trailer.

By endorsement to Section 5, the policy is extended to cover "The assured's legal liability for accidental damage to the insured property while being loaded on or unloaded from the insured vehicles, * * *."

The transcript of the evidence in the prior suit reflects that Independent sought to limit its liability for damages in that action to the small expense of replacing the sheared bolts and to avoid liability for the extensive damage to the pump gears and housing, which it was claimed was the result of the later operation of the equipment by Lawrence with no attention to the condition of the equipment. However, the trial court in that action, after hearing all the testimony and without making any findings, determined the weight of the evidence and the issues in favor of Lawrence and rendered a general lump sum judgment against Independent. This established the liability of Independent for the damages to the equipment.

The above quoted portion of the endorsement to Section 5 of the policy extended coverage to Independent's "legal liability" for accidental damage while the equipment was being loaded. The question is whether under the facts and circumstances the "legal liability" of Independent has been shown. It is our conclusion that it was established by the trial and judgment in the prior suit of Lawrence against Independent.

In Royal Ins. Co. v. St. Louis-San Francisco Ry. Co., 291 F. 358 (8th Cir.1923), the insurance policy covered the legal liability of the railroad. A shipper of cotton sued the railroad in a state court because of destruction of the cotton by fire. With the approval of the insurance company the suit was defended by the railroad's attorneys. The state court rendered judgment for the plaintiff shipper. The railroad then sued the insurance company and in the cited case the federal court passed upon the effect of the state court judgment, as deter-

mining "legal liability" of the railroad, as follows:

"* * * The very question put in issue, tried and determined in the action in the state court, was the 'legal ¹iability' of the carrier to the owner of the cotton. If there existed no legal liability of the carrier to the owner for the loss of the cotton by fire, it followed as a necessary sequence the insurance company is maintained liable for nothing, unless it should be for the expense of the carrier in making the defense. On the contrary, and as a necessary corollary to the foregoing proposition, if courts of full, complete jurisdiction determine on a trial such 'legal liability' did exist, this determination controls, regardless of the fact that it may be now insisted the determination made was wrong or erroneous in legal principle or unjust in conclusion; for a court possessing jurisdiction over the subject-matter of a cause and the parties thereto possesses the same power to reach a wrong or erroneous conclusion as to the law of a case, and make it binding upon the parties thereto until revised and reversed for error, as it does to enter a correct or right judgment or decree and bind the parties thereby. * * *"

See also Abbott v. Aetna Casualty & Surety Co., 42 F.Supp. 793, 806 (U.S.D.C. Md.1942) and Richmond v. Employers' Liability Assur. Corporation, La.App., 31 So. 2d 442, 445.

It is our opinion that under the circumstances, including the fact that Globe had notice of and did defend the prior action, that Globe is bound by the result of that litigation wherein "legal liability" of Independent was determined.

Globe also complains that the trial court erred in allowing Independent an attorney fee of $450. The policy does not provide for an attorney fee and no statute is cited allowing an attorney fee in an action of this nature.

In St. Paul Fire & Marine Ins. Co. v. Peck, 40 Okl. 396, 139 P. 117, we stated:

"In the absence of statute or conditions in policy authorizing the taxing of attorney's fee, the same cannot be recovered in an action by insured on such policy."

In Wilson v. Hecht, Okl., 370 P.2d 28, this court stated:

"The right to recover attorney's fees from one's opponent in litigation as a part of the costs thereof does not exist at common law. Such allowances in the absence of statute or some agreement expressly authorizing the same, cannot be sustained."

In support of the court's allowance of the attorney fee Independent contends its action is an action on open account and cites 12 O.S.1961 § 936, which states:

"In any civil action to recover on an open account the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs."

The cited statute is not applicable. Independent's action is upon a written contract of insurance and not upon an open account.

In Connor Live Stock Co. v. Fisher, 32 Ariz. 80, 255 P. 996, 57 A.L.R. 196, it is stated:

"Generally speaking, an open account is one where there are running or concurrent dealings between the parties, which are kept unclosed with the expectation of further transactions. * * * An express contract, which defines the duties and liabilities of the parties, whether it be oral or written, is not, as a rule, an open account."

It is our conclusion that the trial court erred in allowing an attorney fee and the judgment is to this extent reversed.

Affirmed in part and reversed in part.

HALLEY, V. C. J., and JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.

BLACKBIRD, C. J., dissents.