Marshall E. Livingston, J.
Plaintiff sues on an alleged account stated for the balance due on a bond and mortgage, plus money advanced for fire insurance premiums.
Mortgagors, husband and wife, are deceased, and the action is defended by their son, who is the administrator c. t. a. of their respective estates. The answer is a general denial, coupled with a counterclaim based on alleged fraud.
Plaintiff now moves for summary judgment. There is no cross motion. However, CPLR 3212 (subd. [b]) permits the court to grant such summary judgment as may be proper without the necessity of a cross motion.
Chief Judge Andrews’ explanation of an account stated is well put in Schutz v. Morette (146 N. Y. 137, 141): “ The cause of action in such case is not the obligation originally created when the items of indebtedness arose. It is the agreement of the parties made after the transactions constituting the account that a certain balance remains due from the one to the other, and a promise of the party found to be indebted to pay to the other the sum so ascertained, and in suing in this form of action it is unnecessary for the plaintiff to set forth the subject-matter of the original debt.”
A suit on an account stated may not be maintained, however, on a bond and mortgage, the default of which gives rise to this action. “ An account stated cannot be founded upon an indebtedness or liability existing solely by virtue of a specialty contract ” [e.g., a bond and mortgage] (1 N. Y. Jur., Accounts and Accounting, § 8).
The case of Young v. Hill (67 N. Y. 162, 174) is particularly appropriate, and although the bond Avhich there was the basis of a substantial portion of the so-called account stated was not secured by real property, nevertheless, the court said: “ The plaintiff has to encounter and overcome * * * [an] obstacle to the recovery, as upon an account stated, the amount secured by the bond. When a sum of money is secured by a deed and a balance is struck for the purpose of ascertaining how much remains due thereon, and the obligor admits the correctness of the account, and promises to pay it, an action will not lie on this account and promise, but the action must be brought on the security. A simple contract is merged in a bond, covenant or other contract by deed or record, but the greater security is not *373 merged in a lesser.” (See, also, Chicago Crayon Co. v. Slattery, 68 Misc. 148; Siepka v. Bogulshi, 164 Misc. 831.)
Because of the form of the affidavits submitted by the attorneys, it seems to me that the recollection of counsel should be refreshed and their attention directed to the following paragraph in Weinstein-Korn-Miller, New York Civil Practice (vol. 4, par. 3212.05): “ An attorney’s affidavit may be utilized to convey to the court material passages from depositions and documents even though the attorney lacks personal knowledge of the underlying facts. But affidavits by attorneys should not be used as a form of brief or memorandum of law: ‘ The practice of embodying argument on the facts and law in an affidavit, including the citation of authorities, is improper and is disapproved. ’ ’ ’
This complaint is dismissed without prejudice.