Dear Director Arnold,
¶ 0 The Attorney General has received your request for an official opinion asking:
 Is a state employee's personal automobile insurance carrier liable for damages to third parties resulting from said employee's negligent operation of his personal automobile, provided the employee has complied with the provisions of 74 O.S. 500.4 (1987) and is acting within the scope of his employment?
¶ 1 The statute to which you make reference in your question is the section of the State Travel Reimbursement Act which governs use of personal automobiles owned by state employees, when called upon to travel on official business in connection with their employment. "Reimbursement for use of privately owned motor vehicles may be authorized by the agency head." 74 O.S.500.4(B) (1987). Your inquiry is whether the insurance company secured by such an employee for that privately owned vehicle will be responsible for payment of damages arising from the employee's negligent operation of the vehicle and for defense of the employee in the event of litigation arising from such negligence.
¶ 2 Insurance is a defined term in the Oklahoma Insurance Code:
 "Insurance" is a contract whereby one undertakes to indemnify another or to pay a specified amount upon determinable contingencies.
36 O.S. 102 (1981).
¶ 3 More specifically, liability insurance is also a defined term, under 36 O.S. 707(1) (1981), which provides:
 Liability Insurance . . . is insurance against legal liability for the death, injury, or disability of any human being, or for damage to property.
¶ 4 These authorities indicate that the coverage afforded to a state employee policyholder under the liability insurance obtained for his or her personally owned vehicle will be for indemnity and defense in connection with the "legal liability" of that employee arising in connection with the employee's negligence. The term "legal liability" in a liability insurance policy is liability which courts of justice recognize and enforce as between parties litigant in a case alleging negligence. Globe Republic Ins. Co. of America v. Independent Trucking Co.,387 P.2d 644 (Okla. 1963). The risk insured by a policy of automobile liability insurance is that of liability of the insured, not that of the occurrence of an automobile accident. Pacific IndemnityCo. v. Federated Am. Ins. Co., 511 P.2d 56 (Wash. 1973). It can be seen, therefore, that the answer to your question will flow from a consideration of whether an Oklahoma court of justice will recognize liability of a state employee, who commits negligence while acting within the scope of his or her employment.
¶ 5 The lodestar for any such consideration must necessarily be the Oklahoma Governmental Tort Claims Act, 51 O.S. 151 (1987) et seq. This Act establishes that tort liability of the State of Oklahoma and its employees is barred by statutory sovereign immunity, except to the extent such immunity is waived in the Act. Consequently, your question can be answered by reference to whether the Act has adopted or instead waived the sovereign immunity of its employees for their negligence committed while acting within the scope of their employment.
¶ 6 The Tort Claims Act, at 51 O.S. 152.1 (1987), provides:
 A. The State of Oklahoma does hereby adopt the doctrine of sovereign immunity. The state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts.
 B. The state, only to the extent and in the manner provided in this act, waives its immunity and that of its political subdivisions. In so waiving immunity, it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution.
¶ 7 Under these sections of the Governmental Tort Claims Act, the state has clothed itself and all its employees with absolute, statutory sovereign immunity (Section A), but has waived immunity only insofar as "the state" is concerned, and then only as provided in the Act (Section B). Consequently, only the State may be claimed against and named as a defendant in any action arising from the negligence of a state employee, which action necessarily presumes a waiver of the State's sovereign immunity. All employees of the state remain absolutely immune from liability to third parties by operation of 51 O.S. 152.1(A), so long as they are acting within the scope of their employment.
¶ 8 These conclusions are verified and even more conclusively established by the terms of 51 O.S. 163(C) (1987), the pertinent portions of which provide that:
 Suits instituted pursuant to the provisions of this act shall name as defendant the state or the political subdivision against which liability is sought to be established. In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant.
(Emphasis added).
¶ 9 These authorities suggest that courts of justice in Oklahoma will not recognize liability on behalf of a state employee who commits negligence while acting within the scope of his or her employment by the state. Consequently, in such an event, there would be no liability on the part of a state employee which would be covered by a policy of automobile liability insurance covering the employee's privately owned vehicle.
¶ 10 This conclusion is in no way changed by consideration of the body of jurisprudence which recognizes that the existence of liability insurance may operate to waive otherwise applicable sovereign immunity. See, e.g., Schrom v. Okla. Invst. Dev.,536 P.2d 904 (Okla. 1975). Note that this exception to sovereign immunity has only been recognized in cases where the insurance was acquired by the government, and paid for with public funds, pursuant to express statutory authorization for the purchase.Nichols v. Dept. of Corrections, 631 P.2d 746 (Okla. 1981). The Supreme Court has expressly held that insurance which is privately purchased by state employees, covering the employees' individual liability, has no effect on the sovereign immunity which might otherwise shield such an employee from liability.Neal v. Donahue, 611 P.2d 1125, 1131 (Okla. 1980).
¶ 11 As a final note, although this opinion recognizes that state employees are immune from tort liability in connection with their on-the-job use of their personal vehicles, this may not be taken to suggest that such employees need not insure their personal vehicles. The mandatory automobile insurance requirements of the Financial Responsibility Act, 47 O.S. 7-101
(1981) et seq., are as applicable to state employees as to other persons. This is in no way inconsistent with the views expressed herein, considering the extreme unlikelihood that there are any state employees who use their personal vehicles exclusively on State business. These employees' personal insurance will remain responsible for their negligence in connection with all off-duty use of those vehicles.
¶ 12 It is, therefore, the official opinion of the AttorneyGeneral that a state employee's personal automobile insurancecarrier is not liable for damages to third parties resulting fromthe employee's negligent operation of his personal automobile,provided the employee has complied with the provisions of 74O.S. 500.4 (1987), and is acting within the scope of hisemployment.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
JAMES B. FRANKS ASSISTANT ATTORNEY GENERAL