NATKIN & COMPANY, a Missouri Corporation, Appellee,

v.

MIDWESCO, INC., and Federal Insurance Company, Appellants.

No. 71976.

Supreme Court of Oklahoma.

Nov. 2, 1993.

David R. Frensley, Craig Towerman, Frensley & Towerman, P.C., Kansas City, MO, Kenneth M. Smith, Scott E. Coulson, Robinson, Lewis, Orbison, Smith & Coyle, Tulsa, for appellee.

Charles Greenough, Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, Harvey J. Barnett, Michael S. Blazer, Michelle F. Kantor, Harvey J. Barnett & Associates, Ltd., Chicago, IL, for appellants.

LAVENDER, Vice Chief Judge.

The only viable question presented for our review is whether Appellee was entitled to an award of attorneys fees under 12 O.S.1981 § 936 although the proceeding was brought for confirmation of the "arbitration award" under 15 O.S.1991 § 801 et seq. on a motion for summary judgment. We find that Appellee was entitled to attorneys' fees.

## FACTS

Appellant, Midwesco, Inc. (Midwesco) was the subcontractor for the mechanical and electrical work on the Tulsa Resource Recovery Facility. Midwesco retained Appellee, Natkin & Company (Natkin) to install the station piping for the project. Natkin performed work as Midwesco's subcontractor. The contract between the parties contained an arbitration clause. A dispute arose over the contract and Natkin filed a demand for arbitration against Midwesco. Midwesco filed a counterclaim. The arbitration proceeding was held in Oklahoma City, Oklahoma. The arbitrators issued an award in Natkin's favor and Midwesco filed a motion to modify the award.

Following the arbitration proceeding, but prior to the arbitrators issuing their decision, Natkin filed an action in Tulsa County to enforce a mechanics' lien. In response, Midwesco filed a motion to stay or dismiss the Tulsa County action citing § 803(D) of the Arbitration Act.[1] A stay order was entered pursuant to a stipulation by the parties that the action be stayed pending the conclusion of the arbitration proceeding. The relevant part of the agreed stipulation stated:

> [A]ll proceedings in this cause [shall] be stayed pending final disposition of the arbitration proceedings currently in progress ...

> Upon the conclusion of said proceedings, the parties will notify the Court of the effect of such proceedings on this cause and seek reactivation of this cause, as may be appropriate.[2]

The arbitration panel subsequently granted Midwesco's motion to modify.

Thereafter, Midwesco filed in the United States District Court for the Western District a petition to vacate the modified award pursuant to § 812 of the Act on the grounds that the arbitrators exceeded their authority. Natkin filed a motion to dismiss for improper venue and the motion was granted.

---

1. Section 803 is titled, Application to court—Order to arbitration—Stay of proceedings. Section (D) of 803 holds that "[a]ny action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this act or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay."

Midwesco later asserted the motion to stay was mistakenly brought under this section.

2. Record at 576.

**1224**

The Federal District Court determined that the agreement to stay the litigation pending arbitration constituted an initial application under the Oklahoma Arbitration Act in that it was filed pursuant to § 803(D) of the Oklahoma Arbitration Act. Because § 816 of the Act states that all subsequent applications must be made in the court hearing the initial application unless the parties are directed otherwise the court reasoned that venue was only proper in Tulsa county where the initial application had been filed.[3] Midwesco appealed the dismissal to the Tenth Circuit Court of Appeals. That court affirmed the district court's decision.

Following the dismissal of the motion to vacate by the Federal District Court, but prior to the Tenth Circuit's affirmance, Natkin filed motions in state district court in Tulsa to confirm the arbitrators' award and for summary judgment. The trial court ruled in favor of Natkin on both motions. Midwesco and its surety, Federal Insurance Company (Federal Insurance)[4] appealed the granting of these motions claiming the trial court lacked jurisdiction to grant the motions, and because the motions should not have been granted pending the decision by the Tenth Circuit. Further, they claimed the trial court erred in awarding attorneys' fees and interest at a rate of 15% against Federal Insurance under 36 O.S. § 3629 and attorneys' fees against Midwesco under 12 O.S. § 936 and 42 O.S. § 176.

The Oklahoma Court of Appeals ruled that the action was one to foreclose a lien

for materials and labor provided under 12 O.S. § 936 and thus, was a proper case for attorney fees. The court rejected the trial court's award of prejudgment interest as a purported penalty under the Oklahoma Insurance Code, 36 O.S. § 3629.[5] Finally, the court determined there was no validity to the claim that 12 O.S.1981 § 100 would extend the time in which to file a claim.[6] Thus, the only viable claims we are left to decide are whether Natkin is statutorily entitled to attorneys fees and if so, for what legal services.

We previously granted certiorari. We now hold that Natkin was entitled to the award of attorneys fees under 12 O.S. § 936, but only for that portion of fees generated in the state action. We find neither 42 O.S. § 176 nor 36 O.S. § 3629(B) applicable to the present action.

## ANALYSIS

A prevailing party may not recover attorney's fees against his adversary absent an authorizing statute or a contract.[7] Natkin sought attorneys' fees against Midwesco primarily under 12 O.S. § 936, acknowledging, that if summary judgment was granted the mechanic's lien claim would need to be dismissed in order to make the judgment final.[8] In the alternative, Natkin sought fees under 42 O.S. § 176. As against Federal Insurance, Natkin claimed the right to attorneys' fees primarily under 36 O.S. § 3629(B).

A dismissed action is not a "judgment rendered in Natkin's favor" as de-

**3.** Section 816 provides that "[a]n initial application shall be made to the district court in the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held. Otherwise, the application shall be made in the county where the adverse party resides or has a place of business or, if he has no residence or place of business in this state, to the district court in any county of this state. All subsequent applications shall be made to the court hearing the initial application unless the court otherwise directs."

**4.** Federal Insurance Company was to provide a 100% payment and performance bond covering the extent of Midwesco's work on the Project.

**5.** This issue was not challenged in the petition for certiorari. We therefore do not disturb that part of the court of appeals' decision.

**6.** We vacate this part of the court's decision in that no lively controversy existed on which to base the court's decision. Midwesco did not have an application denied by the trial court such that would have presented an issue for that court to decide.

**7.** *Moses v. Hoebel,* 646 P.2d 601, 603 (Okla.1982).

**8.** R.A. 767, Tr. 31.

fined in 42 O.S. 176. Though Natkin prevailed in the summary judgment action, it was not the enforcement of the lien that was rendered. We hold that 42 O.S. 176 offered no statutory basis for the award of attorneys' fees. Further, there is no issue before us concerning Natkin's claim against Federal Insurance under 36 O.S. § 3629(B); we therefore disallow any claim to attorneys' fees under this statute.

■ We agree however, that the essence of the summary judgment was on a contract for labor and services and that Natkin was entitled to attorneys' fees under 12 O.S. § 936. *Burrows Constr. Co. v. Independent School District,*[9] held that:

> It is the underlying nature of the suit itself which determines the applicability of the labor and services provisions of section 936. If the action is brought for labor and services rendered, the provisions of section 936 apply. If the nature of the suit is for damages arising from the breach of an agreement relating to labor and services the provisions of this section do not necessarily apply. The question is whether the damages arose directly from the rendition of labor or services, such as a failure to pay for those services, or from an aspect collaterally relating to labor and services, such as loss of profits on a contract involving the rendition of labor and services.

Because this action was one for failure to pay for services rendered, Natkin is entitled to attorneys' fees under § 936.

■ Midwesco contends that the arbitration clause in the contract requiring each party to pay its own attorneys' fees precludes Natkin from recovering attorneys' fees in the summary judgment action. Such contention has no merit.

Clearly, in the case where neither the agreement to arbitrate nor the award provides for an allowance for cost and disbursements, the court may not award them in the absence of a statutory grant of such a right.[10] However, this is not the circumstance in the present case. Here, the arbitration agreement specifically called for each party to pay for its own attorneys' fees. There is no question therefore, that as to the arbitration costs, each party must pay its own. However, the costs herein allowed were incurred pursuant to confirming the award in district court. We do not interpret the contract to mean that those fees incurred when an action is required beyond the initial arbitration and to obtain a judgment may not be recovered, if statutorily allowed to the prevailing party.

In *Park Lane Properties v. Fisher,*[11] the question was whether plaintiffs were entitled to a lien claim where the contract held that any dispute shall be settled by arbitration. The Colorado Supreme Court ruled that "[a]n arbitration clause in the contract itself cannot be held to be a waiver of lien rights." Likewise, we do not find that Natkin, in our case "waived" its statutory right to attorneys' fees in an action for summary judgment to make final the arbitration award and we affirm that part of the award.[12]

■ Nor do we agree with Midwesco's contention that such an allowance varies the arbitration award. In *City of Yukon v. International Assoc. of Firefighters,*[13] we held that "[a]s long as the arbitrator is even arguably construing or applying the contract and action within the scope of his authority, this Court has no power to reverse his decision, even if we were convinced the (sic) decision was error."[14] Courts generally look favorably on arbitration statutes and contracts as a shortcut to substantial justice with a minimum of court

**9.** 704 P.2d 1136, 1138 (Okla.1985); *LPCX Corp. v. Faulkner,* 818 P.2d 431, 442–43 (Okla.1991).

**10.** *Cecil v. Bank of America,* 142 Cal.App.2d 249, 298 P.2d 24 (1956).

**11.** 89 Colo. 591, 5 P.2d 577, 579 (1931).

**12.** *Cecil,* 298 P.2d at 25; *Uneeda–Hempstead, Inc. v. Bilt Well Contracting Co.,* 168 Misc. 774, 5 N.Y.S.2d 1022, 1023 (N.Y. City Ct.1938).

**13.** 792 P.2d 1176 (Okla.1990).

**14.** *Id.* at 1181 (citations omitted).

interference.[15] In the present case, the trial court did not alter the award, rather, the award of attorneys' fees was for the subsequent state action.

However, we find it necessary to remand the case for a determination of what portion of fees were awarded for work done in the federal action since, as we stated in *Moses v. Hoebel*, "[c]osts must be enforced in the action in which they are taxed and not by a subsequent suit."[16] In the present case, Natkin was pressing claims for work performed on the motions for summary judgment and lien claim in state district court. However, the Federal District Court action was one to vacate the award and Natkin's defense of that motion.

Midwesco also argues that under *Moses,* attorneys' fees could not be confined to work done in this case. We do not read *Moses* and progeny as narrowly as Midwesco argues it should be. "Costs" as analyzed in *Moses* would include in this case attorneys' fees.

### CONCLUSION

Accordingly, we hold that Natkin was entitled to attorneys' fees for the action filed in Oklahoma district court. The court of appeals' opinion is VACATED IN PART and the judgment of the trial court is AFFIRMED IN PART and REVERSED IN PART and REMANDED with directions to determine what portion of the attorneys' fees rendered by the trial court for work performed in the federal courts must be deleted from the award.

HODGES, C.J., and SIMMS, HARGRAVE and OPALA, JJ., concur.

KAUGER and SUMMERS, JJ., concur in result.

WATT, J., concurs in part; dissents in part.

ALMA WILSON, J., dissents.

**15.** *Garner v. City of Tulsa,* 651 P.2d 1325, 1328 (Okla.1982).

**16.** 646 P.2d at 604; *See also Chamberlin v. Chamberlin,* 720 P.2d 721, 727 (Okla.1986).